1   JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
2   220 Montgomery Street, Suite 976
San Francisco, CA 94104
3   Telephone: (415) 956-4765
Facsimile: (415) 956-1664
4   E-Mail:    jonathan-kaufman@sbcglobal.net

5   Attorney for Plaintiffs

6                  UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8  
AVTAR SINGH,                Case No.
9   HARVINDER SINGH, AND
GURJEET KAUR           COMPLAINT    FOR    DECLARATORY
10                            JUDGMENT AN D INJUNCTION
        Plaintiffs,
11

12      vs.

13   ROSEMARY MELVILLE, District Director,
United States Citizenship and Immigration
Services and EMILIO T. GONZALEZ,
14   Director, United States Citizenship
and Immigration Services,
15

16         Defendant

17  ————————————————————/

18      Plaintiffs allege:

19      1. This action is brought pursuant to the provisions of 28 U.S.C. § 1331, 28 U.S.C. §1361,

20   and 5 U.S.C. §§ 701 - 706.

21      2. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and

22   Immigration Services, (USCIS), an agency of the United States as defined by 5 U.S.C. §701(b)(1),

23   charged with the duty to adjudication applications for benefits under the Immigration and Nationality

24   Act, including applications for adjustment of status pursuant to 8 U.S.C. §1159(b) .

25      Defendant Rosemary Melville is the District Director of the San Francisco District Office of

26   the USCIS, the immigration officer charged with the duty to adjudicate applications for benefits

27

28                           1

1 under the Immigration and Nationality Act filed by aliens who reside within the jurisdiction of the

2 San Francisco District, as described in 8 C.F.R. §100.4(b)(13).

3     3. Plaintiffs are citizens of India who have been granted asylum in the United States.

4 Plaintiffs Avtar Singh and Gurjeet Kaur are husband and wife. Plaintiff Harvinder Singh is Avtar

5 Singh's son.

6     4. 8 U.S.C. §1159(b) vests defendants with discretion to adjust the status of an asylee to an

7 alien lawfully admitted for permanent residence.

8     5. On January 16, 2003 plaintiff Avtar Singh applied for adjustment of status pursuant to 8

9 U.S.C. §1159(b). See, Exhibit A.

10     6. On December 28, 2006 his application was denied. See, Exhibit B.

11     7. On or about January 19, 2007 plaintiff filed a motion to reconsider the denial of his

12 application in accordance with 8 C.F.R. §103.5. See, Exhibit C.

13     8. On or about February 20, 2007 plaintiff supplemented his motion to reconsider. See,

14 Exhibit D.

15     9. Defendants have not adjudicated plaintiff Avtar Singh's motion to reconsider and

16 plaintiff's motion remains pending.

17     10. On January 16, 2003 plaintiff Harvinder Singh applied for adjustment of status pursuant

18 to 8 U.S.C. §1159(b). See, Exhibit E.

19     11. On May 23, 2007 plaintiff Harvinder Singh was interviewed on his application by a

20 USCIS adjudications officer. See, Exhibit F.

21     12. Defendants have not adjudicated plaintiff Harvinder Singh's application and plaintiff's

22 application remains pending.

23     13. On December 8, 2006 plaintiff Gurjeet Kaur applied for adjustment of status pursuant

24 to 8 U.S.C. §1159(b). See, Exhibit G.

25     14. On April 30, 2007 the USCIS transferred plaintiff Gurjeet Kaur's application. See,

26 Exhibit H.

27

28                                              2

1    15. Defendants have not adjudicated plaintiff Gurjeet Kaur's application and plaintiff's
2    application remains pending.

3    16. It is defendants' legal duty to adjudicate an application for adjustment of status and to
4    adjust an alien's status to lawful permanent resident if an application is approved, or, if an
5    application is denied, forward written notice of the decision to an alien that includes the reason for
6    denial.

7    17. 5 U.S.C. §555(b) dictates that the USCIS must proceed to conclude action on plaintiffs'
8    applications within "a reasonable time". Defendants have violated their duty. According to
9    information the USCIS makes available to the public, the San Francisco District Office Fresno Sub-
10   Office is now adjudicating applications filed on or before May 14, 2007. See, Exhibit I. Defendants'
11   failure to adjudicate plaintiffs' applications violates 8 U.S.C. §1159(b), 8 C.F.R. §209.2, and 5
12   U.S.C. §555(b).

13   18. There is no administrative appeal from defendants' decision.

14   19. There is a real and actual controversy between the parties. Plaintiffs have no adequate
15   remedy at law. Plaintiffs have suffered and will continue to suffer irreparable injury as result of the
16   acts of the defendant complained herein.

17   WHEREFORE, plaintiffs pray judgment.

18   1. Declaring that defendants have violated 8 U.S.C. §1159(b), 8 C.F.R. §209.2, 8 C.F.R.
19   §103.5, and 5 U.S.C. §555(b) in the adjudication of plaintiffs' applications for adjustment of status.

20   2. Preliminarily and permanently enjoining defendants, their agents, and delegates to
21   immediately adjudicate plaintiffs' applications for adjustment of status and plaintiff Avtar Singh's
22   motion to reconsider.

23   3. Awarding plaintiffs their costs and reasonable attorneys fees incurred in this action.

24   4. Granting such other and further relief as may be appropriate.

25   Dated: November 28, 2007

26

27                                                    JONATHAN M. KAUFMAN

28                                    3

# EXHIBIT A

FEB-21-2003 04:46 PM

**U.S. Department of Justice**
**Immigration and Naturalization Service**

**Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | I-485    APPLICATION TO ADJUST TO PERMANENT |
|---|---|---|
| LIN-03-083-53761 | | RESIDENT STATUS |
| RECEIVED DATE | PRIORITY DATE | APPLICANT    A72 143 631 |
| January 16, 2003 | | SINGH, AVTAR |
| NOTICE DATE | PAGE | |
| January 17, 2003 | 1 of 1 | |

PETER SINGH
LAW OFFICES OF PETER SINGH
2055 SAN JOAQUIN STREET
FRESNO CA 93721

Notice Type:  Receipt Notice

Amount received: $  305.00

Section: Asylee adjustment

The above application or petition has been received. It usually takes 450 to 480 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number 402-323-7830 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call our TDD at 1-800-767-1833.

If you have access to the Internet, you can also visit the INS at www.ins.usdoj.gov. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
Customer Service Telephone: 402-323-7830



Form I-797C (Rev. 09/07/93) N

# EXHIBIT B

U.S. Department of Homeland Security
1177 Fulton Mall
Fresno, CA 93721-1913



**U.S. Citizenship
and Immigration
Services**

# DECISION ON APPLICATION FOR STATUS AS PERMANENT RESIDENT

Avtar Singh
c/o Kaufman Law Office
220 Montgomery Street, Suite 976
San Francisco, CA 94104

Refer to This File No.

A72 143 631

Date: **DEC 2 8 2006**

*Upon consideration, it is ordered that your application for status as a permanent resident be denied for the following reasons:*

### (PLEASE SEE ATTACHMENT TO I-291)

You are not eligible for voluntary departure. Section 240B, Voluntary Departure, of the *Immigration and Nationality Act*, as amended, provides that an alien is not eligible for voluntary departure if the alien is removable.

*If you fail to depart from the United States by the date specified, proceedings will be instituted to enforce your departure. You may renew your application for status as a permanent resident during such proceedings.*

Sincerely,

David N. Still
District Director

cc:

SINGH, AVTAR                    )                         )A72 143 631

On January 16, 2003, the applicant, Avtar Singh, filed the Form I-485, Application to Register Permanent Residence or Adjust Status, under Section 209(b) of the Immigration and Nationality Act, as amended ("The Act"). The applicant is a 56-year-old native and citizen of India. The applicant last entered the United States on November 30, 1990.

The applicant is seeking adjustment of status to legal permanent residence pursuant to Section 209(b) of the Act. Section 209(b) of the Act provides in pertinent part:

> The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum ...

The record reflects the following:

## CONVICTION(S):

The applicant was convicted under section 350(A)(2) of the California Penal Code, Counterfeit of Registered Mark, Felony. The applicant was also convicted under section PC 186.10(A) Money Laundering, Felony. Criminal records contained in the file reveals an amount of more then $10,000 derived from the unlawful activity. The applicant was sentenced to serve 90-days in prison.

The applicant is found to be inadmissible under Section 212(a)(2)(A)(i) of the Immigration & Nationality Act, as amended.

### GROUNDS OF INADMISSIBILITY

**Section 212(a)(2)(A)(i) CRIMINIAL AND RELATED GROUNDS** provides, in pertinent part, that: "... any alien who is convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of-(I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime... is inadmissible."

Pursuant to INA 101(a)(48), a conviction for the following charge(s): PC 350(A)(2) and PC 186.10(A) renders the applicant convicted for immigration law purposes.

### Immigration & Nationality Act (INA) 101(a)(48) - Convictions

Section 101(a)(48) of the Act states that: The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where-

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

Additionally, a conviction for the above charges rises to the level of an aggravated felony.

Aggravated Fel.  )
                                                                              )

INA 101(a)(43) states the following: (D) an offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000.

Furthermore, since the applicant has been convicted as an aggravated felon, the applicant would be subject to expedited removal under the Immigration & Naturalization Act.

## EXPEDITED REMOVAL – INA 238(b)

### Section 238(b) of the Act states that:

(b) Removal of Aliens Who Are Not Permanent Residents. -

1) The Attorney General may, in the case of an alien described in paragraph, determine the deportability of such alien under section 237(a)(2)(A)(iii) (relating to conviction of an aggravated felony) and issue an order of removal pursuant to the procedures set forth in this subsection or section 240.

2) No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion.

Given the serious nature of the conviction(s) against the applicant, the application for permanent residency to the United States is hereby denied. Consequently, the applicant is not eligible for voluntary departure. Section 240B, Voluntary Departure, of the Immigration and Nationality Act, as amended, provides that an alien is not eligible for voluntary departure if the alien is removable.

In addition, the Service intends to revoke the employment authorization granted to you in conjunction with your application for lawful permanent residence. You are hereby granted 18 days from the date of this notice to provide countervailing evidence as to why your employment authorization should not be revoked.

ATTACHMENT TO FORM I-291

3

# EXHIBIT C



Jonathan M. Kaufman
Marcela I. Chauvet

# THE LAW OFFICES OF
# JONATHAN M. KAUFMAN
220 Montgomery Street, Suite 976
San Francisco, CA 94104
(415) 956-4765
Fax (415) 956-1664

January 16, 2007

Mr. Don L. Riding
Officer-In-Charge
U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
1177 Fulton Mall
Fresno, CA 93721

Re: Motion to reconsider denial of I-485
   Avtar Singh
   A72 143 631

Dear Mr. Riding:

I represent Mr. Singh.

Mr. Singh requests that the USCIS reconsider its December 28, 2006 decision denying his application for adjustment of status.

Enclosed is Form I-290B, a copy of the decision, and the $385.00 filing fee.

Please return the filing fee receipt to me in the enclosed envelope.

Thank you.

Yours truly,

Jonathan M. Kaufman

JMK/jmk
Encl.

OMB No. 1615-0095: Expires 10/31/08

Department of Homeland Security
U. S. Citizenship and Immigration Services

**I-290B, Notice of Appeals to the
Administrative Appeals Office (AAO)**

---

Fee Stamp

**In the Matter of:**

Singh                    Avtar

**File Number:  A72143631**

---

**1.** I am filing an appeal from the decision dated:

12/28/2006

**Person Filing Appeal**

**Signature**
Jonathan M. Kaufman
Name The Law Offices of Jonathan M. Kaufman

Address 220 Montgomery Street, Suite 976

| Number | | Street |

San Francisco          CA              94104

| City | State | Zip Code |

Telephone No. **(415) 956-4765**

E-mail address, if any klo-jmk@pacbell.net

Date 01/13/2007

☒ I am an attorney or representative, and I
represent:

Avtar                              Singh
*Person and/or organization for whom you are appearing.*

Telephone No. 559 562-2299

E-mail address, if any _____

**You must attach a Notice of Entry of Appearance
(Form G-28) if you are an attorney or representative
and did not submit such a form before.**

---

**2.** Please check the **one** block which applies:

☐ I am not submitting a separate brief or evidence.

☒ I am submitting a separate brief and/or evidence
with this form.

☐ I am sending a brief and/or evidence to the AAO
within 30 days.

☐ I need _____ days to submit a brief and/or
evidence to the AAO. *(May be granted only for
good cause shown. Explain in a separate letter,
and attach the letter to your form.)*

---

**3.** Briefly, state the reason(s) for this appeal:

The applicant requests that the district director reconsider his December 28, 2006 decision denying the applicant's application for adjustment of status pursuant to INA 209(b). See attachment

U.S. Department of Homeland Security
1177 Fulton Mall
Fresno, CA 93721-1913



**U.S. Citizenship
and Immigration
Services**

# DECISION ON APPLICATION FOR STATUS AS PERMANENT RESIDENT

Avtar Singh                                           Refer to This File No.
c/o Kaufman Law Office
220 Montgomery Street, Suite 976
San Francisco, CA  94104

A72 143 631

Date: **DEC 2 8 2006**

*Upon consideration, it is ordered that your application for status as a permanent resident be denied for the following reasons:*

## (PLEASE SEE ATTACHMENT TO I-291)

You are not eligible for voluntary departure.  Section 240B, Voluntary Departure, of the *Immigration and Nationality Act*, as amended, provides that an alien is not eligible for voluntary departure if the alien is removable.

*If you fail to depart from the United States by the date specified, proceedings will be instituted to enforce your departure. You may renew your application for status as a permanent resident during such proceedings.*

Sincerely,

David N. Still
District Director

cc:

SINGH, AVTAR ) A72 143 631

On January 16, 2003, the applicant, Avtar Singh, filed the Form I-485, Application to Register Permanent Residence or Adjust Status, under Section 209(b) of the Immigration and Nationality Act, as amended ("The Act"). The applicant is a 56-year-old native and citizen of India. The applicant last entered the United States on November 30, 1990.

The applicant is seeking adjustment of status to legal permanent residence pursuant to Section 209(b) of the Act. Section 209(b) of the Act provides in pertinent part:

> The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum ...

The record reflects the following:

## CONVICTION(S):

The applicant was convicted under section 350(A)(2) of the California Penal Code, Counterfeit of Registered Mark, Felony. The applicant was also convicted under section PC 186.10(A) Money Laundering, Felony. Criminal records contained in the file reveals an amount of more then $10,000 derived from the unlawful activity. The applicant was sentenced to serve 90-days in prison.

The applicant is found to be inadmissible under Section 212(a)(2)(A)(i) of the Immigration & Nationality Act, as amended.

### GROUNDS OF INADMISSIBILITY

Section 212(a)(2)(A)(i) CRIMINAL AND RELATED GROUNDS provides, in pertinent part, that: "... any alien who is convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of-(I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime... is inadmissible."

Pursuant to INA 101(a)(48), a conviction for the following charge(s): PC 350(A)(2) and PC 186.10(A) renders the applicant convicted for immigration law purposes.

### Immigration & Nationality Act (INA) 101(a)(48) - Convictions

Section 101(a)(48) of the Act states that: The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where-

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

Additionally, a conviction for the above charges rises to the level of an aggravated felony.

INA 101(a)(43) states the following: (D) an offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000.

Furthermore, since the applicant has been convicted as an aggravated felon, the applicant would be subject to expedited removal under the Immigration & Naturalization Act.

## EXPEDITED REMOVAL – INA 238(b)

### Section 238(b) of the Act states that:

(b) Removal of Aliens Who Are Not Permanent Residents. -

1) The Attorney General may, in the case of an alien described in paragraph, determine the deportability of such alien under section 237(a)(2)(A)(iii) (relating to conviction of an aggravated felony) and issue an order of removal pursuant to the procedures set forth in this subsection or section 240.

2) No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion.

Given the serious nature of the conviction(s) against the applicant, the application for permanent residency to the United States is hereby denied. Consequently, the applicant is not eligible for voluntary departure. Section 240B, Voluntary Departure, of the Immigration and Nationality Act, as amended, provides that an alien is not eligible for voluntary departure if the alien is removable.

In addition, the Service intends to revoke the employment authorization granted to you in conjunction with your application for lawful permanent residence. You are hereby granted 18 days from the date of this notice to provide countervailing evidence as to why your employment authorization should not be revoked.

ATTACHMENT TO FORM I-291

3

Form I-290B
Attachment
Motion to Reconsider
Avtar Singh
A72 143 631

In accordance with 8 C.F.R. §103.5(a) Avtar Singh requests reconsideration by the District Director of the December 28, 2006 decision denying his application for adjustment of status pursuant to INA §209(b).

The validity of the December 28, 2006 decision is not, and has not, been the subject of any judicial proceeding.

The basis for this motion is as follows:

The motion is based upon a mistake of fact.

The applicant has not been convicted of violating California Penal Code Section 350(A)(2). On October 31, 2006 the charge was dismissed.

The decision is based upon mistakes of law.

The December 28, 2006 decision asserts that applicant is inadmissible under INA §212(a)(2)(A)(I). The evidence does not support the finding.

Avtar Singh has been convicted of one misdemeanor offense, a violation of California Penal Code Section 186.10(A). Pursuant to INA §212(a)(2)(A)(ii) the conviction does not render the applicant inadmissible.

The decision asserts that "criminal records" reviewed by the Service reveal that an amount of more then $10,000.00 was derived from "the unlawful activity". The "unlawful activity" is not described. If the "unlawful activity" referenced in the decision relate to the California Penal Code Section 350(A)(2) the factor is irrelevant. Further, the Service may only review a narrow and specified set of documents that are part of the record of conviction to determine whether a state court conviction renders an alien inadmissible. *Tokatly v Ashcroft*, 371 F.3d 613 (9th Cir. 2004). The decision is incomplete because it does not describe the "criminal records" the Service has reviewed. As neither the "unlawful activity" nor the "criminal records" are described, it cannot be determined if the Service has relied upon competent evidence to determine the applicant's inadmissiblity.

Even if the applicant were inadmissible as asserted in the decision, the ground of inadmissibility could be waived pursuant to INA §209( c). The Service abused its discretion and violated 8 C.F.R. §209.2(b) by not advising the applicant of the availability of a waiver and according the applicant an opportunity to apply for a waiver before his application was denied.

The decision asserts that the applicant has been convicted of an aggravated felony. The finding is incorrect. The evidence does not support the Service's finding that the applicant has been convicted of an offense described in either 18 U.S.C. §§156 or 157.

The decision references INA §238(b) as a basis to deny the application. INA §238(b) is irrelevant to the adjudication of the applicant's application for adjustment of status.

The decision informs that the application for adjustment of status was denied because of "the serious nature of the conviction(s)". This was abusive. The decision does not show that any consideration of the equities present in the record were considered, including, but not limited to, the applicant's past persecution, his age, his health, his lengthy residence in the United States, and his family and property ties to the United States.

For all of these reasons it is submitted that the District Director should reconsider the December 28, 2006 decision denying Avtar Singh's application for adjustment of status.

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

| **Appearance** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10. |

| In re: **Avtar Singh** | Date | **01/13/2007** |
|---|---|---|
| | File No. | **A72143631** |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| Name | | | |
|---|---|---|---|
| **Avtar** | **Singh** | ☐ Petitioner ☐ Beneficiary | ☒ Applicant |

| Address (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) |
|---|---|---|---|---|
| **#149** | **251 North Westwood** | **Lindsay** | **CA** | **93247** |

| Name | | | |
|---|---|---|---|
| | | ☐ Petitioner ☐ Beneficiary | ☐ Applicant |

| Address (Apt. No.) | (Number & Street) | (City) | (State) | (ZIP Code) |
|---|---|---|---|---|
| | | | | |

Check applicable Item(s) below:

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
**California**     **California Supreme**     and am not under a court or administrative agency
                                 Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request.    *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4. Others (Explain fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | **The Law Offices of Jonathan M. Kaufman** |
| | **220 Montgomery Street, Suite 976** |
| | **San Francisco**    **CA**   **94104** |
| NAME (Type or Print) | TELEPHONE NUMBER |
| **Jonathan M. Kaufman** | **(415) 956-4765**    **415 956-1664**    **klo-jmk@pacbell.net** |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*
   **Jonathan Kaufman**

(Name of Attorney or Representative)

*THE ABOVE DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*
**All matters before the DHS**

| Name of Person Consenting | Signature of Person Consenting | Date |
|---|---|---|
| **Avtar Singh** | X *AVTAR SNGH* | **01/13/2007** |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.

This form may not be used to request records under the Freedom of information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09-26-00)Y

# EXHIBIT D

Jonathan M. Kaufman
Marcela I. Chauvet

# THE LAW OFFICES OF
# JONATHAN M. KAUFMAN
220 Montgomery Street, Suite 976
San Francisco, CA 94104
(415) 956-4765
Fax (415) 956-1664

February 16, 2007

Mr. Don L. Riding
Officer-In-Charge
U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
1177 Fulton Mall
Fresno, CA 93721

Re:        MOTION TO RECONSIDER
           I-485
           Avtar Singh
           A72 143 631

Dear Mr. Riding:

I represent Mr. Singh.

On December 28, 2006 Mr. Singh's application for adjustment of status was denied. The decision was based in part on a finding that he was inadmissible under § 212(a)(2)(A)(i) of the Immigration and Nationality Act because of a prior felony conviction.

On January 16, 2007 I forwarded you a Motion to Reconsider the denial of Mr. Singh's application. Since that time, Mr. Singh's conviction has been vacated and the case dismissed. Enclosed is a copy of the decision. Please take note of this development and adjudicate Mr. Singh's Motion to Reconsider accordingly.

Additionally, in my correspondence to you on January 16, 2007 I enclosed the requisite $385.00 filing fee and requested a filing fee receipt. I have not received the filing fee receipt. Please return it to me in the enclosed envelope.

Thank you.

Yours truly,

Jonathan M. Kaufman

JMK/jmk
Encl.

1  ANTHONY P. CAPOZZI, CSBN 068525
   LAW OFFICES OF ANTHONY P. CAPOZZI
2  1233 W. Shaw Avenue, Suite 102
   Fresno, CA  93711
3  Telephone:  (559) 221-0200
   Fax:  (559) 221-7997
4  E-mail:  capozzilaw@aol.com

5  Attorney for Defendant,
   AVTAR SINGH SARAI

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF TULARE

10                      *  *  *  *  *

11

12  PEOPLE OF THE STATE OF          ) Case No.: VCF101165C-02
    CALIFORNIA,                     )
13                                  ) ORDER
                                    )
14          Plaintiff,              ) DATE:    January 30, 2007
                                    ) TIME:    8:30 A.M.
15      vs.                         ) DEPT:    12
                                    )
16  AVTAR SINGH SARAI,              )
                                    )
17          Defendant.              )
    _____)

18

19      Pursuant to the Defendant's Motion to Withdraw his Plea of

20  Guilty as to Count 6 in the above entitled case, sufficient cause

21  being found, it is hereby Ordered that the Defendant's plea of

22  guilty be withdrawn and hereby vacated as to Count 6.

23      It is further ordered that Count 6 in the above entitled case

24  is hereby dismissed.

25  Date:  January 30, 2007

26                                      _____
                                        Judge ___ Couillard
27                                      Superior Court of Tulare County

28

                              - 1 -

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

JAN 30 2007

LARAYNE CLEEK, CLERK
BY: _____

The document to which this certificate is affixed is a full,
true and correct copy of the original on file and of record
in my office.
Attest:_____ *1 – 30 – 0 7* _____ 19_____

LaRayne Cleek, Clerk of the Superior Court of the State
of California in and for the County of Tulare.

By_____Deputy

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

OCT 31 2006

LARAYNE CLEEK, CLERK
BY: _April Arenas_

1  ANTHONY P. CAPOZZI, CSBN 068525
   LAW OFFICES OF ANTHONY P. CAPOZZI
2  1233 W. Shaw Avenue, Suite 102
   Fresno, CA  93711
3  Telephone:  (559) 221-0200
   Fax:  (559) 221-7997
4  E-mail:  capozzilaw@aol.com

5  Attorney for Defendant,
   AVTAR SINGH SARAI
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF TULARE

10                          * * * * *

11

12  PEOPLE OF THE STATE OF            )  Case No.: VCF101165C-02
    CALIFORNIA,                      )
13                                    )  ORDER
                                      )
14            Plaintiff,              )  DATE:   October 31, 2006
                                      )  TIME:   8:30 A.M.
15       vs.                          )  DEPT:   12
                                      )
16  AVTAR SINGH SARAI,                )
                                      )
17            Defendant.              )

18

19       Pursuant to the Defendant's Motion to Withdraw his Plea of

20  Guilty as to Count 5 in the above entitled case, sufficient cause

21  being found, it is hereby Ordered that the Defendant's plea of

22  guilty be withdrawn and hereby vacated as to Count 5.

23       It is further ordered that Count 5 in the above entitled case

24  is hereby dismissed.

25  Date:  October 31, 2006

26                              _____
                                Judge
27                              Superior Court of Tulare County

28

                              - 1 -

The document to which this certificate is affixed is a full,
true and correct copy of the original on file and of record
in my office.
Attest _____ Oct. 31, _____ 2006

LaWayne Cleek, Clerk of the Superior Court of the State
of California in and for the County of Tulare.

By _____ April Arenas _____ Deputy

# EXHIBIT E

FEB-21-2003 04:45 PM                                                    P.01

U.S. Department of Justice
Immigration and Naturalization Service                    **Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE 1485 APPLICATION TO ADJUST TO PERMANENT |
|---|---|---|
| LIN-03-083-53726 | | RESIDENT STATUS |
| RECEIVED DATE | PRIORITY DATE | APPLICANT A72 123 945 |
| January 16, 2003 | | SINGH, HARVINDER |
| NOTICE DATE | PAGE | |
| January 17, 2003 | 1 of 1 | |

PETER SINGH
LAW OFFICES OF PETER SINGH
2055 SAN JOAQUIN STREET
FRESNO CA 93721

Notice Type:  Receipt Notice

Amount received: $  305.00

Section: Asylee adjustment

The above application or petition has been received. It usually takes 450 to 480 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number 402-323-7830 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call our TDD at **1-800-767-1833**.

If you have access to the Internet, you can also visit the INS at www.ins.usdoj.gov. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 02521
LINCOLN NE 68501-2521
Customer Service Telephone: 402-323-7830



# EXHIBIT F

U.S. Department of Homeland Security
Washington, DC 20528



**U.S. Citizenship
and Immigration
Services**

---

Fresno Suboffice: 1177 Fulton Mall – Fresno, CA 93721      (S.W. CORNER of Fresno & Fulton Mall)

---

Name HARVINDER SINGH
    C/O JONATHAN KAUFMAN
    220 MONTGOMERY ST STE 976
    SAN FRANCISCO CA 94104

Date: April 13, 2007
File Number A72123945

Your interview for permanent residence will be held at this office. On the **3**$^{RD}$ Floor,
On **MAY 23, 2007**      Adjudicator: ROOM # 308      At 9:00 A.M.
**\*\*You must have your fingerprints taken before your interview. \*\***
**\*\*DO NOT STAND IN LINE, PLACE THIS LETTER IN THE BASKET ON THE FRONT COUNTER\*\***
**You MUST bring this letter and the following with you: (No cell phones allowed)**

- X   The petitioner (if application is family based).
- X   Your attorney, if you wish to be represented.
- X   **You must provide an interpreter if you speak other than the English language**.
- X   Personal Identification: **California ID or driver's license.**  No one is allowed into this building without acceptable, valid, un-expired ID documents.
- X   Your valid unexpired passport, if you have one.
- X   **Bring originals of all documents submitted or requested. Originals unaccompanied by copies become the property of CIS.  Also bring a copy of each.**
- X   Any immigration documents or correspondence you have.
- X   Copy of Petitioner's and/or Joint Sponsor's Federal tax records for the most recent year **since you applied for adjustment of status.**
- X   Copies of check stubs for past six (6) months **or current check stub indicating year-to-date earnings** for Petitioner and/or Household Member and/or Joint Sponsor. **See attached additional Affidavit of Support information.**

YOU MUST MEET THE POVERTY GUIDELINES ACCORDING TO THE SIZE OF YOUR FAMILY, NOT JUST THE MEMBERS BEING IMMIGRATED. (**100% poverty guideline pertains to military personnel only**)

| FAMILY UNIT SIZE (2007) POVERTY GUIDLINES | $ 100% | $ 125% |
|---|---|---|
| 2 | 13,690 | 17,112 |
| 3 | 17,170 | 21,462 |
| 4 | 20,650 | 25,812 |
| 5 | 24,130 | 30,162 |
| 6 | 27,610 | 34,512 |
| 7 | 31,090 | 38,862 |
| 8 | 34,570 | 43,212 |

**\*\*\*For each additional family member add 3,480 (100%)     $4,350 (125%)**
If you fail to keep this appointment, your application for adjustment of status may be denied, and any employment authorization granted to you in connection with this application will be revoked. The interview **MAY** be video recorded.

Advance parole (permission to depart from and reenter the United States, while your application is pending) must be obtained prior to your departure.  At the present time there is a liberal policy concerning advance paroles for individuals who have applied for adjustment of status.  Applications must be made in person.  You will normally need a valid unexpired passport for travel.

**NOTE:**  If you depart the U.S. without prior Service authorization while your application is pending, your application will be considered abandoned and all action will be terminated. Should this happen, any related visa petition (Form I-130 or Form I-140) will be forwarded to the designated United States consulate abroad, where you may file an application for an immigrant visa.
blw

(Rev. 12/04/03)

# EXHIBIT G

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>SRC-07-048-54095 | CASE TYPE  I485   APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
|---|---|
| RECEIVED DATE<br>December 8, 2006 | PRIORITY DATE | APPLICANT  A29 676 325<br>KAUR, GURJEET |
| NOTICE DATE<br>December 12, 2006 | PAGE<br>1 of 1 | |

JONATHAN M. KAUFMAN
THE LAW OFFICES OF JONATHAN M KAUF
220 MONTGOMERY ST STE 976
SAN FRANCISCO CA 94104

Notice Type:  Receipt Notice

Amount received: $  395.00

Section: Asylee adjustment

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.  You can check our current processing time for this kind of case on our website at www.uscis.gov.  On our website you can also sign up to get free e-mail status updates as we complete key processing steps on this case.  Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.  We will notify you by mail when we make a decision on this case, or if we need something from you.  If you move while this case is pending, call customer service when you move.  Processing times can change.  If you don't get a decision or update from us within our current processing time, check our website or call for an update.  If you have questions, check our website or call customer service.  Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available.  Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States.  Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident.  This process will allow USCIS to concentrate resources first on cases where visas are actually available.  This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status.  Refer to www.state.gov/travel to determine current visa availability dates.  For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

**If this receipt is for an I-485, or I-698 application** - USCIS WILL SCHEDULE YOUR BIOMETRICS APPOINTMENT.  You will be receiving a biometrics appointment notice with a specific time, date and place where you will have your fingerprints and/or photos taken.  You MUST wait for your biometrics appointment notice prior to going to the ASC for biometrics processing.  This I-797 receipt notice is NOT your biometrics appointment notice and should not be taken to an ASC for biometrics processing.

**WHAT TO BRING TO YOUR BIOMETRICS APPOINTMENT-**
Please bring your biometrics appointment letter (with specific time, date and place where you will have your fingerprints and/or photo taken) AND your photo identification to your biometrics appointment.
Acceptable kinds of photo identification are: a passport or national photo identification issued by your country, a drivers license, a military photo identification, or a state - issued photo identification card.

Always remember to call customer service if you move while your case is pending.  If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

This receipt notice provides notification of the date that your application/petition was received by USCIS.  This receipt notice does NOT grant any immigration status or benefit.  In addition, this receipt notice does not constitute evidence that you have been granted any immigration status or benefit.  In addition, this receipt notice does not constitute evidence that your application remains pending with USCIS i.e., that a decision to grant or deny your application/petition has not yet been made.  The current status of your application/petition must be verified with USCIS.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
**Customer Service Telephone: (800) 375-5283**



# EXHIBIT H

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE I485 APPLICATION TO ADJUST TO PERMANENT |
|---|---|---|
| SRC-07-048-54095 | | RESIDENT STATUS |
| RECEIPT DATE | PRIORITY DATE | APPLICANT A29 676 325 |
| December 11, 2006 | | KAUR, GURJEET |
| NOTICE DATE | PAGE | |
| April 30, 2007 | 1 of 1 | |

GURJEET KAUR
251 N WESTWOOD 149
LINDSAY CA 93247

**Notice Type:** Transfer Notice

Preliminary processing of the above application or petition has been completed, and it has been transferred to the INS office at:

865 Fulton Mall, Fresno, CA 93721

That office will notify you when they schedule an interview on the application or petition. Any further inquiries should be made to that office.

338 DAYS

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 01/31/05) N

# EXHIBIT I



Home    Contact Us    Site Map    FAQ

Search    

Advanced Search

Services & Benefits    Immigration Forms    Laws & Regulations    About USCIS    Education & Resources    Press Room

[ Print This Page ]    [ Back ]

## U.S. Citizenship and Immigration Services
## Fresno CA Processing Dates
## Posted November 14, 2007

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 16-18 months to process.

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

District Office Processing Dates for **Fresno CA** Posted November 14, 2007

| Form | Form Name | Processing Timeframe: |
|------|-----------|----------------------|
| I-131 | Application for Travel Documents | 3 Months |
| I-485 | Application to Register Permanent Residence or Adjust Status | 6 Months |
| I-600 | Petition to Classify Orphan as an Immediate Relative | June 15, 2007 |
| I-600A | Application for Advance Processing of Orphan Petition | June 15, 2007 |
| I-765 | Application for Employment Authorization | 11 Weeks |
| N-400 | Application for Naturalization | 7 Months |
| N-600 | Application for Certification of Citizenship | April 15, 2007 |

Print This Page    Back

**11-27-2007 06:43 PM EST**

Home   Contact Us   Privacy Policy   Website Policies   NoFEAR   Freedom Of Information Act   FirstGov

U.S. Department of Homeland Security