JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:     jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AVTAR SINGH, et al., | Case No. C 07-6011 PJH |
| Plaintiff, | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE |
| vs. | Date: March 12, 2008<br>Time: 9:00 a.m. |
| ROSEMARY MELVILLE,<br>District Director, United States Citizenship and Immigration Services, et al. | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs submit the following opposition to defendants' motion to dismiss for improper venue.

## II. FACTS

Plaintiffs Avtar Singh, Gurjeet Kaur, and Harvinder Singh are citizens of India who have been granted asylum in the United States. Avtar Singh and Gurjeet Kaur are husband and wife. Harvinder Singh is Avtar Singh's son.

Plaintiffs applied to the United States Citizenship and Immigration Services (USCIS) for status as permanent residents pursuant to 8 U.S.C. Section 1159(b). Their applications were transferred to the USCIS office in Fresno, California.

On November 28, 2997 plaintiffs filed a Complaint for Declaratory Judgment and Injunction

1

with the United States District Court for the Northern District of California to compel the District Director of the USCIS San Francisco, California District Office to adjudicate their applications.

### III. VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA AND DEFENDANTS' MOTION SHOULD BE DENIED

Defendants seek dismissal of plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(3). Defendants contend that plaintiffs' applications are not pending under the jurisdiction of the USCIS District Office. Defendants, the parties challenging venue, bear the burden of proving that venue is not proper in the Northern District of California. *Myers v American Dental Ass'n*, 695 F.2d 716 (3rd Cir. 1982).

Defendants' motion should be denied. Pursuant to 28 U.S.C. Section 1391( c) a civil action in which a defendant is an officer of an agency of the United States may be brought in the judicial district where the defendant resides. Venue is proper in the Northern District of California because defendant Rosemary Melville, the District Director of the USCIS San Francisco District Office, is the agency official who exercises legally jurisdiction over plaintiffs' applications for adjustment of status.

Defendants contend that venue is not proper in the Northern District because Fresno County is in "USCIS District 22, based in Sacramento, California". Defendants contend further that plaintiffs' reliance on 8 C.F.R. Section 100.4(b)(13) is misplaced because the regulation was promulgated before the USCIS was created, and does not mention the USCIS by name. Def's Mot. Pg. 2.

Defendants' contentions are untenable. Under 8 C.F.R. Section 100.4(b)(13) (2007), the USCIS San Francisco District Office exercises jurisdiction over Fresno County. Defendants do not contend that Section 100.4(b)(13) has been repealed. Nor do they cite any regulation, agency operating instruction, or agency order that has lawfully restructured the USCIS's districts, or otherwise placed Fresno County outside of the jurisdiction of the USCIS San Francisco District Office.

Defendants rely solely upon the assertions of Larry Crider, the Chief of Staff for the USCIS

1  San Francisco District Office, who declares, without citation to any relevant legal authority, that the
2  USCIS has re-divided its districts, and that plaintiffs' applications are pending in the Sacramento
3  District, District 22. According to Mr. Crider, 8 C.F.R. Section 100.3 is outdated. See Declaration
4  of Larry Crider.
5      With all due respect to Mr. Crider, his opinion regarding the structure of the USCIS is not
6  entitled to any judicial deference. He cites no legal authority. His assertion regarding agency
7  jurisdiction over plaintiffs' applications conflicts with Section 100.4(b)(13). Mr. Crider's declaration
8  does not even cite Section 100.4; it cites 8 C.F.R. Section 100.3, a regulation that has no relevance
9  to plaintiffs' Complaint.
10      Defendants' contention that 8 C.F.R Section 100.4(b)(13) is not binding on the USCIS is
11  meritless. "[P]roperly enacted regulations have the force of law and are binding on the government
12  until properly repealed. The government cannot supercede regulations by means of internal operating
13  instructions. While such internal instructions are given some deference in interpreting regulations,
14  they certainly cannot nullify or eviscerate them " *Flores v Bowen*, 790 F.2d 740, 742 (9th Cir. 1986).
15      Equally without merit is defendants' suggestion that Section 100.4(b)(13) does not apply to
16  the USCIS because it was promulgated before the USCIS was created and does not mention the
17  USCIS by name.
18      The USCIS was created five years ago; Section 100.4(b)(13) has not been repealed or
19  amended. Further, and as defendants are undoubtedly aware, 8 C.F.R. Section 1.1( c) directs that
20  unless otherwise specified, a reference to the Immigration and Naturalization Service should be
21  considered a reference to the USCIS.
22      Defendant Rosemary Melville is the District Director of the USCIS San Francisco
23  District Officer. Director Melville is the agency official charged by law with the duty to adjudicate
24  plaintiffs' applications for adjustment of status. Venue over plaintiffs' Complaint is properly in the
25  Northern District of California.

## IV. CONCLUSION

"Nothing is more wasteful than litigation about where to litigate, particularly when the options are all courts within the same legal system that will apply the same law." *Bowen v Massachusetts*, 487 U.S. 879, 930 (1988) (Scalia dissent).

Defendants' motion for dismissal under Rule 12(b)(3) should be denied. 8 C.F.R. Section 100.4(b)(13) charges defendant Rosemary Melville with the duty to adjudicate plaintiffs' applications because the applications are pending at the USCIS office in Fresno, California, and the USCIS San Francisco District Office exercises jurisdiction over Fresno County. Pursuant to 28 U.S.C. Section 1391( c), venue is properly in the Northern District of California.

Dated: February 1, 2008

                                            Respectfully submitted,

                                            _____
                                            JONATHAN M. KAUFMAN
                                            Attorney for Plaintiffs