**United States District Court**
For the Northern District of California

1
2
3
4
5                        UNITED STATES DISTRICT COURT

6                       NORTHERN DISTRICT OF CALIFORNIA

7

8     AVTAR SINGH, et al.,

9              Plaintiffs,                    No. C 07-6011 PJH

10        v.                                  **ORDER OF TRANSFER**

11    ROSEMARY MELVILLE, et al.,

12             Defendants.

13    _____/

14        Defendants' motion to dismiss the above-entitled action for improper venue came on

15    for hearing before this court on March 19, 2008.  Plaintiffs appeared by their counsel

16    Jonathan M. Kaufman, and defendants appeared by their counsel Assistant United States

17    Attorney Edward A. Olsen.  Having read the parties' papers and carefully considered their

18    arguments and the relevant legal authority, and good cause appearing, the court hereby

19    ORDERS the case TRANSFERRED to the Eastern District of California as follows and for

20    the reasons stated at the hearing.

21        Plaintiffs Avtar Singh, Harvinder Singh, and Gurjeet are citizens of India who have

22    been granted political asylum in the United States.  Plaintiffs filed this action on November

23    28, 2008, seeking an order compelling the United States Citizenship and Immigration

24    Services ("USCIS) to adjust their status to that of alien lawfully admitted for permanent

25    residence.  There is no dispute that the plaintiffs' applications for adjustment of status are

26    pending in the USCIS office in Fresno, California.

27        Named as defendants are Rosemary Melville, District Director of USCIS in San

28    Francisco, and Emilio T. Gonzalez, Director of USCIS.  On January 29, 2008, defendants

1    filed a motion to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure

2    12(b)(3).

3        Under 28 U.S.C. § 1391(c), a civil action in which a defendant is an officer of an

4    agency of the United States may be brought in the judicial district where the defendant

5    resides.  Defendants assert that District 21, which is based in San Francisco and for whom

6    Rosemary Melville is the District Director, has jurisdiction only over 16 Northern California

7    counties, which do not include Fresno County.  Defendants contend that Fresno is located

8    in USCIS District 22, based in Sacramento, California.  Thus, defendants assert, District 21

9    and Rosemary Melville have no jurisdiction over plaintiffs' applications, and the case must

10   be dismissed or transferred to the Eastern District of California.

11       Plaintiffs maintain that venue is proper in the Northern District of California because

12   this is the district in which Rosemary Melville resides, and she is the agency official who

13   exercises legal jurisdiction over plaintiffs' applications for adjustment of status.  Plaintiffs

14   assert that under 8 C.F.R. § 100.4(b)(13), it is clear that the UCSIS San Francisco District

15   Office exercises jurisdiction over Fresno County.

16       Section 100.4(b) lists the district offices of the former Immigration and Naturalization

17   Service, which is now partly USCIS.  It lists three district headquarters offices for California

18   – San Diego (covering San Diego and Imperial Counties); Los Angeles (covering Los

19   Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara, and

20   Ventura Counties); and San Francisco (covering the remaining 49 counties).  See 8 C.F.R.

21   § 100.4(b)(13), (16), (39).  Plaintiffs assert that USCIS was created five years ago, and that

22   § 100.4 has not been repealed in the interim and is currently valid.

23       Defendants note, however, that on November 22, 2006, the Department of

24   Homeland Security published a notice in the Federal Register, notifying the public of

25   changes to the USCIS' regional, district, and field office organization.  71 FR 67623-01,

26   2006 WL 3369581.  The notice announced that the changes were being made to USCIS'

27   organizational structure because of the realignment of the command and control

28   responsibilities within USCIS Domestic Operations Directorate, Field Operations Division.

United States District Court

For the Northern District of California

1  According to the notice, USCIS' operations are now administered through 26

2  districts, each with a District Director.  New District 21 has offices in San Francisco and San

3  Jose, with the District Director located in San Francisco.  New District 22 has offices in

4  Fresno and Sacramento, with the District Director located in Sacramento.

5  Plaintiffs respond that 8 C.F.R. § 100.4(b)(3) has not been repealed, and argue that

6  the court must find as a matter of law that the USCIS office in San Francisco exercises

7  jurisdiction over plaintiffs' applications.  Plaintiffs argue that the USCIS cannot reconfigure

8  its organization by simply posting a notice on the Federal Register, as the prior

9  organizational scheme was set forth in a regulation promulgated in accordance with the

10  notice and comment rule-making provisions of the Administrative Procedures Act, 5 U.S.C.

11  § 553.  Plaintiffs claim that such a regulation has the "force of law" and cannot be modified

12  in the absence of the regular rule-making procedures.

13  Plaintiffs are correct in asserting that properly enacted regulations generally have

14  the force of law and are binding on the government until properly repealed.  See Flores v.

15  Bowen, 790 F.2d 740, 742 (9th Cir. 1986).  However, for a regulation to have the force and

16  effect of law, enforceable against an agency in federal court, it must "(1) Prescribe

17  substantive rules – not interpretive rules, general statements of policy or rules of agency

18  organization, procedure or practice – and (2) conform to certain procedural requirements."

19  U.S. v. Alameda Gateway Ltd., 213 F.3d 1161, 1168 (9th Cir. 2000) (citing United States v.

20  Fifty-Three (53) Eclectus Parrots, 685 F.2d 1131, 1136 (9th Cir. 1982)).

21  Substantive rules are rules that are "legislative in nature, affecting individual rights

22  and obligations."  Id. (citing James v. United States Parole Comm'n, 159 F.3d 1200, 1206

23  (9th Cir. 1988)); see also Gunderson v. Hood, 268 F.3d 1149, 1154 (9th Cir. 2001)

24  ("substantive rules" are rules that "impose new rights or obligations by changing an existing

25  law").  Here, while the regulation that was promulgated as 8 C.F.R. § 100.4(b) was

26  published in the Federal Register and in the Code of Federal Regulations (thus apparently

27  satisfying the second prong of the Eclectus Parrots test), it relates solely to the organization

28  of the District offices of the INS, which is now USCIS.  Thus, § 100.4(b) is a rule of "agency

1   organization," and not a "substantive rule" that "impose[s] new rights or obligations."

2        When USCIS reorganized the District offices, it created a new District in

3   Sacramento, with authority over the Sacramento office and the Fresno office.  The San

4   Francisco District no longer includes the offices in Sacramento and Fresno, and venue is

5   not proper in this judicial district.

6        At the hearing, defendants agreed with the court that transfer of this action rather

7   than dismissal was an appropriate disposition.  Accordingly, defendants' motion for relief

8   under Rule 12(b)(3) is GRANTED and this matter is transferred to the Eastern District of

9   California.

10

11  **IT IS SO ORDERED.**

12  Dated:  March 21, 2008

13                                                            _____

                                                             PHYLLIS J. HAMILTON
14                                                           United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4